UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

LEE J. GASKILL and KIMBERLY C. GASKILL,

    Debtors.
_____

VICTORIA A. STEINBACK,

    Plaintiff,

v.

LEE J. GASKILL, KIMBERLY C. GASKILL, and the martial community composed thereof,

    Defendants.

CASE NO. C09-5717BHS

Bankruptcy Appeal
No. 09-42871PBS

ORDER DENYING PLAINTIFF'S MOTION FOR WITHDRAWAL OF REFERENCE

This matter comes before the Court on Plaintiff's Motion for Withdrawal of Reference (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On March 4, 2008, Plaintiff Victoria Steinback filed a state court action against Defendants Lee and Kimberly Gaskill, seeking damages for breach of fiduciary duty, infliction of emotional distress, conversion, negligence, and unjust enrichment.

ORDER - 1

1  On April 27, 2009, Defendants filed a Chapter 7 bankruptcy petition. *See In re Gaskill*, Cause No. 09-42871PBS, United States Bankruptcy Court, Western District of Washington, Dkt. 1.

On August 3, 2009, Plaintiff filed a Complaint to Determine Dischargeability of Debt, seeking a dischargeability determination pursuant to 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6). *See Steinback v. Gaskill*, Cause No. 09–4119PBS, United States Bankruptcy Court, Western District of Washington, Dkt. 1. In that complaint, Plaintiff asserted intentional tort claims. *Id*., ¶¶ 7.1-7.20.

On October 10, 2009, Plaintiffs filed a Motion for Withdrawal of Reference (*Id*., Dkt. 14), which the clerk opened as the instant matter, Cause No. C09-5717BHS. *See* Dkt. 1. On November 18, 2009, Defendants responded. Dkt. 1-4. On November 25, 2009, Plaintiff replied. Dkt. 2.

## II. DISCUSSION

The district court has referred to the bankruptcy judges "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11." Local Rule GR 7, 1.01. Bankruptcy judges "may hear and determine . . . all core proceedings arising under title 11," which includes "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I). A debtor may not be discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

In this case, Plaintiff argues that the reference of her matter to the bankruptcy court should be withdrawn because a substantial part of her nondischargability complaint is based on the allegation of an intentional tort. Dkt. 1 at 9. While Plaintiff provides the Court with several authorities for the proposition that a bankruptcy court is without jurisdiction to hear the merits of an intentional tort action, Plaintiff has failed to provide the Court with an authority for the proposition that the merits of the intentional tort must be adjudicated before a dischargability ruling may be entered. Moreover, Plaintiff has

ORDER - 2

failed to show that the bankruptcy court is unable to enter a dischargability ruling in the instant adversarial proceeding. Therefore, Plaintiff's argument, that the inclusion of an intentional tort in a nondischargability complaint mandates the withdrawal of a bankruptcy reference, is unavailing.

In the alternative, Plaintiff argues that the Court has discretion to withdraw any referred matter. Dkt. 2 at 5-7. Although the Ninth Circuit has not enumerated the factors to consider when determining whether "cause" has been shown to withdraw a reference, "other circuits are in 'substantial agreement on the factors that should be weighed in considering a discretionary withdrawal of reference.'" *Vieira v. AGM, II, LLC*, 366 B.R. 532, 537-538 (D.S.C. 2007) (quoting *In re U.S. Airways Group*, Inc., 296 B.R. 673, 681 (E.D.Va. 2003)).

> These factors include: (i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial.

*Vieira*, 366 B.R. at 538. The Court finds that none of these factors weigh in favor of withdrawing the reference of Plaintiff's nondischargability complaint. Therefore, the Court denies Plaintiff's request for a discretionary withdrawal.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Withdrawal of Reference (Dkt. 1) is **DENIED** and this bankruptcy withdrawal matter is **DISMISSED**.

DATED this 12th day of January, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3